**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4984**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

CARLOS LASHAN DAVIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., Chief District Judge.   (1:07-cr-00089-JAB-1)

Submitted:  June 9, 2009        Decided:  August 26, 2009

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeanette Doran Brooks, Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Lashan Davis appeals his sentence imposed after he pleaded guilty to distribution of cocaine base. On appeal, Davis argues for the first time that the district court should have considered the disparity in the sentencing ratio between crack and powder cocaine and he should have received a lower sentence based on this disparity. Davis was sentenced prior to the effective date of Amendment 708. Finding no error, we affirm.[*]

Because Davis did not argue below that he should be sentenced below the advisory Guidelines range based upon the crack/powder cocaine disparity in the Guidelines, review is for plain error. See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). Assuming the district court's failure to consider the crack/powder disparity constitutes error that was plain, it must still be established that the error affected the defendant's substantial rights. See id. This court previously has "concluded that the error of sentencing a defendant under a mandatory guidelines regime is neither presumptively prejudicial nor structural," thereby requiring a showing of "actual prejudice." United

---

[*] This case was placed in abeyance for United States v. Antonio, 311 F. App'x 679, 2009 WL 430426 (4th Cir. 2009) (No. 07-4791) (unpublished).

States v. White, 405 F.3d 208, 223 (4th Cir. 2005).  Thus, the burden is on the defendant to establish that the error "affected the district court's selection of the sentence imposed."  Id.

Here, the record is entirely silent on this issue. Because the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed the discretion to do so, we conclude that Davis cannot demonstrate that the district court's failure to consider the crack/powder disparity affected his substantial rights.  We therefore affirm the sentence.  We note that this decision does not preclude Davis from seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 706 to the U.S. Sentencing Guidelines.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED